# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
January 2, 2018

Lyle W. Cayce
Clerk

No. 17-20048
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS MENDOZA-TORRECIALLS, also known as Louis Mendoza,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-5-1

Before STEWART, Chief Judge, and DENNIS and HAYNES, Circuit Judges.
PER CURIAM:[*]

Luis Mendoza-Torrecialls appeals his conviction and sentence for possession of a firearm by an alien, contending that the district court erred in denying his motion to suppress evidence—namely, two firearms—that police seized from him on the night of his arrest. Although conceding that police had reasonable suspicion to detain him in relation to the recent theft of a pickup truck and the related burglary of a nail salon, Mendoza-Torrecialls argues that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the detention became a full-blown arrest when one of the officers initiated the encounter by drawing his weapon and ordering him to the ground without an objective basis to fear for his safety or to believe that Mendoza-Torrecialls was armed. Mendoza-Torrecialls asserts that police lacked probable cause to arrest him at that point and, thus, the seizure and subsequent search of his person were unconstitutional, warranting suppression of the firearms evidence.

When reviewing the denial of a motion to suppress evidence, we review the district court's factual findings for clear error and its conclusions of law—including its determination that probable cause to arrest existed—de novo. *United States v. Pack*, 612 F.3d 341, 347 (5th Cir. 2010); *United States v. Wadley*, 59 F.3d 510, 512 (5th Cir. 1995). We may uphold the district court's ruling "on any basis established by the record." *Pack*, 612 F.3d at 347.

Considering the totality of the evidence adduced at the suppression hearing in the light most favorable to the Government—including the blood-covered scene at the salon, witness observations, Mendoza-Torrecialls's and Rea's proximity to the crime scene, the absence of anyone else in the vicinity, and Rea's bloodied appearance—we conclude that the facts known to police at the moment they encountered Mendoza-Torrecialls sufficed to give rise to a fair probability that he had engaged in criminal activity. *See Wadley*, 59 F.3d at 512; *United States v. Garcia*, 179 F.3d 265, 268 (5th Cir. 1999). That certain facts, viewed discretely, might have an innocent explanation does not negate that conclusion. *See United States v. Weinrich*, 586 F.2d 481, 490 (5th Cir. 1978). Consequently, we need not determine if the officer's drawing of his weapon effected an arrest because we have already determined that there was probable cause for arrest in this case.

Furthermore, because police had probable cause to arrest Mendoza-Torrecialls, they needed no additional justification to search him incident to

No. 17-20048

that arrest. *See United States v. Johnson*, 445 F.3d 793, 795 (5th Cir. 2006). Accordingly, the seizure of the firearms from his person was lawful, and the district court did not err in denying the motion to suppress evidence. *See Wadley*, 59 F.3d at 512; *Pack*, 612 F.3d at 347.

The judgment is AFFIRMED.